UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD ERISMAN,<br><br>       Plaintiff,<br><br>      v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>       Defendants. | CASE NO.  C05-01051RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for summary judgment (Dkt. #7) and plaintiff's cross-motion for summary judgment (Dkt. #9).  For the reasons set forth below, the Court GRANTS defendant's motion for summary judgment and DENIES plaintiff's cross-motion.

## II. DISCUSSION

**A. Background**

On June 8, 2005, plaintiff Donald Erisman ("plaintiff") filed this complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §502(a), against defendant Unum Life Insurance Company of America ("defendant").  Plaintiff argues defendant

ORDER
PAGE - 1

improperly offset plaintiff's disability income benefits for SSDI benefits received by plaintiff's non-custodial children.

The complaint contains the following statement of facts: In December, 1996, plaintiff was hired by General Communications in Alaska. The benefits of his employment included coverage under a long-term disability policy issued by defendant. Plaintiff performed well until the year 2000. During 2000, plaintiff resigned following cognitive problems. In April, 2003, plaintiff was diagnosed with a benign brain tumor and defendant granted plaintiff long-term disability benefits at this time.

Plaintiff has three children: Morgan, born September 13, 1990; Kyle, born September 2, 1993; and Brandon, born November 21, 2000. Morgan and Kyle were fathered with plaintiff's first wife, Cathy Johnson. Brandon was fathered with plaintiff's second wife, Petra Morgan. Physical custody of Morgan and Kyle remain with their mother. Physical custody of Brandon is currently with plaintiff.

In the course of administering plaintiff's claim, defendant confirmed that plaintiff was receiving SSDI benefits payable on behalf of his minor children. Defendant also determined plaintiff had been overpaid.

On April 8, 2005, defendant wrote to plaintiff demanding reimbursement of $25,554.00 as a result of overpayments since February 1, 2002 through March 30, 2005. Defendant said it would apply the offset provisions of the policy and reduce plaintiff's long-term disability benefits to take into account the income received by plaintiff's children from the Social Security Administration.

On April 15, 2005, plaintiff's counsel wrote a response to defendant challenging the reduction of plaintiff's benefits. Plaintiff's counsel asserted that since two out of three of defendant's children did not reside with him, the SSDI benefits did not constitute income into his household. In a following letter dated May 2, 2005, plaintiff's counsel conceded that money

ORDER
PAGE - 2

received by plaintiff on behalf of his youngest son was not at issue. Rather, plaintiff challenged the applicability of the offset for benefits paid to his two oldest children.

On May 11, 2005, defendant responded to the two letters. Defendant cited text from its policy which addressed the questions, "what are deductible sources of income?" and "what happens if UNUM overpays your claim?" Defendant maintained its position that it has a contractual right to reduce plaintiff's monthly disability benefit by those amounts of Social Security benefits paid to his children and that defendant has overpaid plaintiff's claim.

Plaintiff appealed defendant's determination on May 12, 2005, but defendant affirmed its decision. Defendant advised plaintiff of his right to bring a civil action under Section 502(a) of ERISA if he disagreed with defendant's decision, and plaintiff subsequently filed this complaint.

Plaintiff argues that the plan administrator breached its fiduciary duties and abused its discretion in misconstruing the offset provisions. Plaintiff also argues that the plan administrator's interpretation of the policy violates his reasonable expectations because the disputed phrase is ambiguous, the disputed phrase is insufficiently conspicuous, and the disputed phrase does not appear in the Summary Plan Documents ("SPD").

Defendant argues that the offset for benefits paid to plaintiff's children was proper, regardless of the fact that the children did not live with the plaintiff. Defendant argues it did not abuse its discretion when applying the offset and determining plaintiff has a repayment obligation to defendant.

The parties' cross-motions for summary judgment are presently before the Court.

**B. Summary Judgment Standard in ERISA cases**

Where an ERISA plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the Court must apply the deferential "abuse of discretion" standard of review. Firestone Tire Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In several cases after Firestone, the Ninth Circuit has used the term "arbitrary and

capricious" to describe the deferential abuse of discretion standard. *See* <u>Taft v. Equitable Life Assur. Soc'y</u>, 9 F. 3d 1469, 1471 (9th Cir. 1993). The "abuse of discretion" standard differs from the oft-stated "arbitrary and capricious" standard in name only. <u>Atwood v. Newmont Gold Co.</u>, 45 F. 3d 1317, 1321 (9th Cir. 1995).

Where the decision to grant or deny ERISA benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual test of summary judgment, such as whether a genuine issue of material fact exists, do not apply. <u>Bendixen v. Standard Ins. Co.</u>, 185 F.3d 939, 942 (9th Cir. 1999); *accord* <u>Frick v. U.S. Bancorp</u>, 98 F.Supp.2d 1202, 1206 (W.D. Wash. 2000).

**C. Abuse of Discretion**

The parties agree that the abuse of discretion standard applies here, because the policy expressly provides defendant with discretionary authority to construe plan terms. Specifically, the plan states, "Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." UACL 00039.[1]

The abuse of discretion standard of review is a deferential standard. An ERISA claim administrator's determination must be upheld unless the court finds that the claim administrator abused its discretion by: (1) rendering decisions without any explanation; (2) construing provisions of the plan in a way that conflicts with the plain language of the plan; or (3) relying on clearly erroneous findings of fact in making benefit determinations. *See* <u>Bendixen v. Standard Insurance Company</u>, 185 F. 3d 939, 944 (9th Cir. 1999); <u>Frick v. U.S. Bancorp</u>, 98 F. Supp. 2d 1202, 1206 (W.D. Wash. 2000).

Defendant argues it did not abuse its discretion, because the plain language of the policy leads to the reasonable conclusion that offset can be applied despite the fact that plaintiff's

---

[1] References herein to UACL are to the administrative record or claim file previously produced to plaintiff with Unum's Fed. R. Civ. P. 26 disclosures.

ORDER
PAGE - 4

children do not reside with him.  Specifically, defendant cites to the offset provision of the policy which states offset applies to any "amount you, your spouse and your children receive or are entitled to receive as disability payments because of your disability under" the United States Social Security Act.  UACL 00053-54.  Defendant explains the offset provision here is not tied to the status of children as "dependents."  Therefore, defendant believes it may offset benefits paid to plaintiff's children, regardless of their residence.

Plaintiff argues defendant abused its discretion because defendant's interpretation of the offset provision conflicts with the plain language of the contract by ignoring the same policy's definition of "Deductible Sources of Income."  Plaintiff contends defendant's interpretation that amounts received by plaintiff's children must be offset against plaintiff's benefits – regardless of whether the children reside with him – directly conflicts with the definition of "Deductible Sources of Income," which states, "deductible sources of income means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled."  UACL 00067.  Plaintiff argues that this means deductible benefits must actually be received by the insured.

Here, defendant did not abuse its discretion within any of the three categories above.  First, the defendant rendered its decision with an explanation.  In defendant's May 11, 2005 letter, defendant cited text from its policy which addressed the questions, "what are deductible sources of income?" and "what happens if UNUM overpays your claim?"  Defendant explained it has a contractual right to reduce plaintiff's monthly disability benefit by those amounts of Social Security benefits paid to his children.

Second, defendant did not abuse its discretion by construing the provisions of the plan in the way that it did.  The decision of the plan administrator will be upheld if it is based upon a reasonable interpretation of the plan terms, and was made in good faith.  <u>Bendixen</u> 185 F. 3d at 944.  Where there is relevant evidence in the administrative record "that reasonable minds might

accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence," the decision must be upheld. Taft v. Equitable Life Assur. Soc'y, 9 F. 3d 1469, 1473 (9th Cir. 1993). When disputes arise as to the meaning of one or more terms, the Court first looks to the explicit language of the agreement to determine the clear intent of the parties. The intended meaning of even the most explicit language can only be understood in light of the context that gave rise to its inclusion. Frick v. U.S. Bancorp, 98 F. Supp. 2d at 1210.

ERISA was enacted by Congress in the following context: included directly in the statute are Congressional findings and a declaration of policy stressing the need to protect employee interests. In part, it states "the continued well-being and security of millions of employees and their dependants are directly affected by these plans." Peralta v. Hispanic Business, Inc., 419 F. 3d 1064, 1071 (9th Cir. 2005). ERISA places a core obligation on an ERISA fiduciary to "discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries. Varity Corp. V. Howe, 516 U.S. 489, 506 (1996). Funds distributed improperly to one employee are taken from all other employees who also are beneficiaries of the plan. While some of these beneficiaries may escape the burden of the improper distribution, others will not. Stahl v. Tony's Building Materials, Inc., 875 F. 2d 1404, 1410 (9th Cir. 1989).

In light of ERISA's duty to consider the interest of all beneficiaries and their dependents, the language of the policy is best read the way defendant interpreted it. If the offset provision were not applied here, other beneficiaries of the plan could bear the burden of improper distribution. It is also apparent that ERISA looks out for the interest of dependents leading to the conclusion that benefits need not all go directly to the immediate beneficiary. The decision of the plan administrator should be upheld because it is based upon a reasonable interpretation of the plan and was made in good faith. Under the deferential standard of review, the Court finds

ORDER
PAGE - 6

that the plan administrator reasonably interpreted the plan term.

As to the third category of abuse of discretion, there is no contention that defendant abused its discretion by relying on clearly erroneous findings of fact. Plaintiff also brings forth several other arguments in support of his motion.

### D. Fiduciary Duty

Plaintiff argues the plan administrator owes fiduciary duties to plaintiff. Section 404(a)(1) of ERISA imposes a basic duty on plan fiduciaries to act "solely in the interest" of plan participants and beneficiaries. As addressed in the section above, the actions of the plan administrator reasonably interpreted the plan terms for the benefit of all participants. There was no breach of fiduciary duty by the plan administrator.

### E. Reasonable Expectations Doctrine

Plaintiff argues the reasonable expectation doctrine should apply because the language of the policy went against his reasonable expectations. The reasonable expectation standard applies when the provision at issue is either ambiguous or insufficiently conspicuous as to frustrate the reasonable expectations of the beneficiary. Peterson v. American Life & Health Ins. Co., 48 F. 3d 404, 411 (9th Cir. 1995). Here, the Court has determined the offset provision is not ambiguous. Additionally, the offset provision is clear and conspicuous. It is set off in capitalized bold font in an easy-to-read question and answer format.

### F. Contra Proferentum

Plaintiff argues the doctrine of contra proferentum should apply if the language is considered ambiguous. The rule of contra proferentum is inapplicable where the standard of review is arbitrary and capricious. Winters v. Costco Wholesale Corporation, 49 F. 3d 550, 554 (9th Cir. 1995). This doctrine does not apply for two reasons: (1) The language is not ambiguous; and (2) The standard of review is arbitrary and capricious.

### G. Summary Plan Document

ORDER
PAGE - 7

Plaintiff's last argument is that defendant failed to follow ERISA's Summary Plan Description (SPD) requirement. Under ERISA, an employer must provide a SPD to participants which must describe "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. §1022. Stahl v. Tony's Bldg. Materials, Inc., at 1408 (9th Cir. 1989). A SPD cannot violate ERISA merely because it could have included language more specifically discussing the precise situation of a particular beneficiary. *Id.* Here, the offset applied by the defendant against the plaintiff does not qualify as a loss of benefit. The offset provision merely permits an offset for income received from other sources.

### III. CONCLUSION

Having reviewed defendant's motion for summary judgment, plaintiff's cross-motion for summary judgment, the responses and replies, and all attached declarations and exhibits, the Court hereby ORDERS

(1) defendant's motion for summary judgment (Dkt. #7) is GRANTED and,

(2) plaintiff's cross-motion for summary judgment (Dkt. #9) is DENIED.

The Clerk shall terminate this action and enter judgment in favor of defendant in this matter.

DATED this 1st day of March, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE